COMMONWEALTH *vs.* MARINA SANTANA. December 16, 2002. *Practice, Criminal,* Sequestration of witnesses. *Witness,* Attorney as witness.

Marina Santana appeals from the allowance of a petition pursuant to G. L. c. 211, § 3, by a single justice of this court. We affirm.

In the course of her underlying criminal trial, Santana sought to have two attorneys representing certain sequestered witnesses excluded from the court room on the ground that one of the attorneys was herself a potential witness and the other "might circumvent the [existing] sequestration order by inform-ing [Santana's former husband] . . . as to what had occurred in the courtroom." The trial judge excluded the attorneys.

One of the attorneys then filed a petition pursuant to G. L. c. 211, § 3, in the county court, requesting that a single justice of this court order that both attorneys be permitted to observe Santana's trial. After oral argument, the single justice ordered that the attorneys "be allowed to observe the trial . . . subject to any existing sequestration order." Santana appealed, arguing that the single justice erred by allowing the petition absent a showing that the trial judge had abused his discretion in excluding the attorneys.

The single justice's order is consistent with Mass. R. Crim. P. 21, 378 Mass. 892 (1979), permitting a trial judge to exclude "any witness or wit-nesses other than the defendant" from the court room. Because Santana failed to articulate a legitimate reason why the first attorney would need to be called as a witness, and failed to provide a foundation for her claim that the second attorney would violate the sequestration order, the single justice did not abuse her discretion in ordering that the attorneys be permitted to attend the trial, "subject to any existing sequestration order." By qualifying her order with the words "subject to any existing sequestration order," the single justice did no more than remind the attorneys of their obligation to refrain from speaking to identified witnesses, including their clients, about the substance of the proceed-ings until they had testified. We perceive no abuse of discretion or other clear error of law in the single justice's decision.

*Judgment affirmed.*

*Leslie Feldman-Rumpler* for the defendant.